MEMORANDUM ***
Erica Cuevas-Ceballos was convicted of conspiracy to distribute methamphetamine under 21 U.S.C. § 841(b)(1)(A). At sentencing, the district court granted a safety valve reduction pursuant to 18 U.S.C. § 3553(f). The government appeals the grant of the safety valve reduction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The district court did not clearly err in granting the safety valve reduction. Despite the extremely sparse record supporting the finding that Cuevas-Ceballos provided “all information” as required by § 3553(f)(5), we must accept the lower court’s finding “unless we are left with a definite and firm conviction that a mistake has been made.” United States v. Ferryman, 444 F.3d 1183, 1186 (9th Cir.2006) (quoting United States v. Doe, 155 F.3d 1070, 1074 (9th Cir.1998) (en banc)).
The district court relied on the fact that Cuevas-Ceballos had provided the essential facts of her drug transactions, including the approximate dates and the identities of the other parties, including her young son. See United States v. Shrestha, 86 F.3d 935, 939 (9th Cir.1996); United States v. Mejia-Pimental, 477 F.3d 1100, 1107 (9th Cir.2007) (citing United States v. Arrington, 73 F.3d 144 (7th Cir.1996)). Based on the information provided to the government and to the court during the sentencing colloquy, the district court was satisfied Cuevas-Ceballos had provided “all information” regarding her involvement. See 18 U.S.C. § 3553(f)(5). This determination, though questionable, was not clearly erroneous.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.